IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEORGIA-PACIFIC CORPORATION,
a Georgia Corporation,

    Plaintiff,

v.

SENTRY SELECT INSURANCE COMPANY,
BRIAN ELKINS, SVETLANA ELKINS, and
McLEOD EXPRESS, L.L.C.,

    Defendants.                                              Case No. 05-cv-826-DRH

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

### I. INTRODUCTION & BACKGROUND

Presently before the Court is a Motion to Remand, filed by plaintiff Georgia-Pacific Corporation ("Ga-Pac") (Doc. 10). Ga-Pac is a Georgia corporation with its principal place of business in Georgia. Ga-Pac transacts certain amounts of its business in Illinois (Doc. 2, ¶ 1). Defendant Sentry Select Insurance Company ("Sentry") is a Wisconsin corporation with its principal place of business in Wisconsin and also transacts business in Illinois (*Id.* at ¶ 2; *see also* Doc. 1, ¶ 9). Defendants Brian Elkins and Svetlana Elkins are both citizens of Illinois (Doc. 1, ¶ 10). Defendant McLeod Express ("McLeod") is an Indiana corporation with its principal place of business in Illinois (*Id.*).

McLeod is a trucking company that on or about June 28, 2004,

transported and delivered a trailer containing a product shipment obtained at Ga-Pac's Mt. Olive, Illinois, facility to a Procter & Gamble facility in St. Louis, Missouri. On or about July 1, 2004, Brian Elkins was required by his employer, USF Logistics, to unload the trailer containing the Ga-Pac material/product when it reached the Procter & Gamble facility. While unloading the trailer, Brian Elkins was allegedly injured. Brian Elkins and Svetlana Elkins, his wife, filed suit against both McLeod and Ga-Pac, alleging claims of negligence and requesting damages in an amount in excess of $50,000 (hereinafter, the "Underlying Action") (*see* Doc. 2, ¶¶ 5-8 and Ex. B).

McLeod had entered into a Contract Carriage Agreement (the "Agreement") with Ga-Pac approximately a year prior to Brian Elkins's alleged accident (Doc. 2, ¶¶9-10 and Ex. C). This Agreement required McLeod to carry certain insurance and to name Ga-Pac as "an additional insured on its Commercial General Liability and Automobile Liability policies" (Doc. 2, p. 4). McLeod obtained this primary coverage insurance from Sentry in the form of a truckers/motor carrier policy of insurance to McLeod (the "Policy") (Doc. 2, ¶ 4). McLeod was the named insured on the Policy.

Once Brian and Svetlana Elkins filed the Underlying Action, Ga-Pac tendered its defense to Sentry, stating it was covered as an "additional insured" under the Policy, but Sentry refused this tender of defense and immunity from Ga-Pac (Doc. 2, ¶¶ 20-21), apparently finding the circumstances and underlying claims excluded Ga-Pac from coverage. Denial of coverage prompted Ga-Pac to file a

declaratory judgment action against Defendants in the Circuit Court of Madison County, Illinois, seeking a determination of whether Sentry owes a duty to defend and indemnify Ga-Pac regarding the Underlying Action (*see* Doc. 2).

Sentry removed Ga-Pac's case to federal court on November 17, 2005, asserting that diversity jurisdiction exists pursuant to **28 U.S.C. § 1332** (Doc. 1). Sentry acknowledges that under **28 U.S.C. § 1441(b)**, this action, where jurisdiction is based upon diversity, is only removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, because defendants McLeod,[1] Brian and Svetlana Elkins are all considered citizens of Illinois – the state in which Ga-Pac originally filed this action - removal would be improper. However, Sentry argues that McLeod, Brian and Svetlana Elkins should not be considered for removal purposes because they are nominal parties to the action (Doc. 1, ¶¶ 14 - 16). Additionally, Sentry claims an amount in controversy in excess of $75,000 exists, as the Underlying Action seeks aggregate damages in the excess of $100,000 and the Policy limits also exceed the jurisdictional amount (*Id*. at ¶ 6).

Noting that nominal parties need not consent or join in the removal, Sentry states that it nevertheless made a request for all Defendants to consent to the

---

[1] Under the federal diversity jurisdiction statute, **28 U.S.C. § 1332(c)(1)**, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."

removal (*Id*. at ¶ 16).  While McLeod has consented[2] (Doc. 4), Sentry explains that Brian and Svetlana Elkins did not give their consent "because they are taking the position that [they] are not necessary parties to this declaratory judgment action" and so their consent is not required[3] (Doc. 1, ¶ 16).  However, Sentry offers nothing to affirmatively substantiate this assertion.

Ga-Pac challenges the removal, instead filing its Motion to Remand on December 13, 2005 (Doc. 10).  Contrary to Sentry's belief, Ga-Pac argues that McLeod, Brian and Svetlana Elkins *are* necessary parties of interest, thereby making this case not removable under **28 U.S.C. § 1441(b)** (Docs. 10 & 11).  Ga-Pac further argues that the removal is defective because consent of all defendants (namely, Brian and Svetlana Elkins) was not obtained pursuant to **28 U.S.C. § 1446(b)**.  Sentry has filed a Response in opposition to Ga-Pac's Motion to Remand (Doc. 25).

Examining the relevant pleadings, it is obvious that the central issue determining whether removal was proper is whether McLeod, Brian and Svetlana Elkins can be considered necessary parties of interest to Ga-Pac's suit.  For the following reasons, Ga-Pac's Motion to Remand is granted (Doc. 10).

---

[2] In fact, McLeod has filed a Motion to Dismiss, asserting that it is not a necessary party to this action and that Plaintiff has not stated a claim against McLeod (Docs. 13 & 14).

[3] The Court notes that there is no attorney of record listed for Brian and Svetlana Elkins on the case docket, nor have they filed any responsive pleadings to either the Notice of Removal or Ga-Pac's Complaint.

## II. ANALYSIS

A.   REMOVAL

The removal statute, **28 U.S.C. § 1441**, is construed narrowly, and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**. Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt.   ***See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.' " ***Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997)*(citations omitted)***. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

Whether removal in this case was proper hinges on two aspects. First, as previously explained, under the removal statute, a case cannot be removed to federal district court based upon diversity jurisdiction if any of the necessary party defendants are citizens of the state in which the action was brought. **28 U.S.C. § 1441(b)**. Therefore, because defendants McLeod, Brian and Svetlana Elkins are all Illinois citizens, removal would not be proper if they are deemed necessary parties to this action. Second, under **28 U.S.C. § 1446(b)**, each defendant must consent to

removal affirmatively and officially communicate this to the Court. *See, e.g., Northern Ill. Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.*, **676 F.2d 270, 272 (7th Cir. 1982)**. One exception to consent is when the party defendant is considered unnecessary or nominal to the suit. *See Ryan v. State Bd. of Elections of State of Ill.*, **661 F.2d 1130, 1134 (7th Cir. 1981)**. Because it believes Brian and Svetlana Elkins are not necessary parties to this declaratory judgment action, Sentry argues it did not need to obtain their consent for removal.

B.   NECESSARY PARTIES

No Seventh Circuit or Supreme Court case law appears to be on point with the central issue in this matter of whether McLeod, Brian and Svetlana Elkins are necessary parties to Ga-Pac's declaratory judgment suit against Sentry. The parties cite to several germane Illinois state appellate opinions and opinions from the United States District Court for the Northern District of Illinois, which the Court will use as interpretative guidance for its analysis.

In removing this case, Sentry relies on the holdings in both *Winklevoss Consultants, Inc. v. Federal Insurance Co.*, **174 F.R.D. 416 (N.D. Ill. 1997)** and *Fathers of the Order of Mount Carmel, Inc. v. National Ben Franklin Insurance Co. of Illinois*, **697 F. Supp. 971 (N.D. Ill. 1988)** (Doc. 1, ¶ 12). Sentry asserts that the above cases support the theory that in a duty to defend declaratory judgment action brought by an insured party against the insurer, McLeod, Brian and

Svetlana Elkins should be considered nominal parties, not considered for removal purposes. Opposing the removal, Ga-Pac cites to ***Flashner Medical Partnership v. Marketing Management, Inc.*, 189 Ill. App. 3d 45, 54, 545 N.E.2d 177, 183, 136 Ill. Dec. 653 (1st Dist. 1989)**), supporting its remand argument that McLeod, Brian and Svetlana Elkins are instead necessary parties to this declaratory judgment action and, as such, removal was improper because **28 U.S.C. § 1441(b)** does not allow a party to remove a case where a defendant is also a citizen of the same state in which the complaint was originally filed (Doc. 10, p. 4) and also because Brian and Svetlana Elkins did not consent to the removal (*Id.* at 3-5).

Essentially, Ga-Pac asserts that according to ***Flashner***, tort claimants in an underlying action have interests in the outcome of a declaratory judgment action regarding insurance coverage, as "a declaration of non coverage would eliminate a source of funds" (*Id.*). Therefore, Ga-Pac argues McLeod, Brian and Svetlana Elkins meet the joinder requirements under **FEDERAL RULE OF CIVIL PROCEDURE 19** to show they are necessary parties to the instant action, explaining that if they were absent from the suit, their interests would not be adequately protected by either Ga-Pac or Sentry (*Id.*).

    **1.**    **Case Law**

        **a.**    ***Fathers of the Order of Mount Carmel, Inc. v. National Ben Franklin Insurance Co. of Illinois***

In ***Fathers***, the district court noted that "[a]n injured party is a necessary party in a declaratory judgment action brought by an insurer against the

insured regarding the insurer's obligation to provide coverage." **Fathers, 697 F. Supp. at 973 (citing *M.F.A. Mut. Ins. Co. v. Cheek*, 66 Ill.2d 492, 363 N.E.2d 809, 811, 6 Ill. Dec. 862, 864 (1977))**. Explaining the Illinois Supreme Court's reasoning, the ***Fathers*** court stated that the injured party was necessary because there was a distinct likelihood that the insured party would fail to appear in the case filed by the insurer, thereby eliminating the injured party's chances of proving the "viability of the [insurance] policy." ***Id.*** However, the ***Fathers*** court reasoned that if the declaratory judgment action had instead been filed by the *insured* against the *insurer*, this would adequately serve to protect the injured parties' interests because it would clearly indicate the insured party wished to properly obtain coverage. ***Id.***

### b. *Flashner Medical Partnership v. Marketing Management, Inc.*

One year later, the Illinois Appellate Court decided ***Flashner***. The plaintiff insureds, Flashner Medical Partnership (the individual partners and the corporation itself), filed a suit seeking a declaratory judgment that defendant insurer, Chicago Insurance Company ("CIC"),[4] had a duty to defend and indemnify the plaintiff insureds in an underlying medical malpractice action. ***Flashner*, 189 Ill. App. 3d at 47, 545 N.E.2d at 179, 136 Ill. Dec. at 655**. Also at issue was whether the plaintiff insureds were covered under the CIC policy for certain underlying claims due to various wavier and estoppel issues. ***Id.* at 49-50, 545 N.E.2d at 180-81,**

---

[4] CIC was actually a reinsurer, as the plaintiff insured's medical malpractice insurer had been declared insolvent.

**136 Ill. Dec. at 656-57**.

One of the issues examined on appeal was whether the underlying tort claimants should be considered necessary parties to the declaratory judgment action. *Id.* As coverage was an issue at controversy in the plaintiff insureds' declaratory judgment action, the state appellate court found the underlying tort claimants *were* necessary parties because they had a present substantial interest in the outcome of the litigation, as "a declaration of *non*-coverage would eliminate a source of funds." **Id. at 54, 545 N.E.2d at 183, 136 Ill. Dec. at 659**. Simply stated, the court noted that "[w]here questions of liability insurance coverage are litigated, claimants against the insured are ordinarily necessary parties to the action." **Id. (internal citations omitted)**. Recognizing that even though the underlying tort claimants' interests were likely aligned with the plaintiff insureds' interests in the determination of coverage under the CIC policy, because the plaintiff insureds had sued several other parties for contractual and fraud issues, the court opined, "the success of plaintiff [insureds]' claims against the other defendants might depend upon a determination of non-coverage. Plaintiff [insureds], therefore, might choose to pursue a litigation strategy that could adversely affect the absent tort claimants." *Id.*

      c.    ***Winklevoss Consultants, Inc. v. Federal Insurance Co.***

Nearly a decade later, the United States District Court for the Northern District of Illinois examined the issue of whether underlying tort claimants were

considered necessary parties in a declaratory judgment action regarding an insurer's duty to defend and indemnify. **See Winklevoss Consultants, Inc. v. Fed. Ins. Co., 174 F.R.D. 416 (1997)**. In **Winklevoss**, the plaintiff insureds sought a declaratory judgment that an insurance policy issued by the defendant insurer required the defendant to defend and indemnify them in a separate underlying action brought against the plaintiffs for misappropriation of trade secrets. **Id. at 416-17**. The defendant insurer filed a motion to dismiss the plaintiffs' declaratory judgment action for failure to join an underlying tort claimant as a necessary party in accordance with **FEDERAL RULE OF CIVIL PROCEDURE 19**.

The district court first clarified that under Seventh Circuit precedent, "the issue of whether an insurer must indemnify its insured is not ripe until the underlying litigation ends." **Id. at 417 (citing Travelers Ins. Co. v. Penda Corp., 974 F.2d 823, 833 (7th Cir. 1992); United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co., 953 F.2d 334, 338 (7th Cir. 1992))**. This is because the duty to indemnify "turns upon the facts of the underlying suit" and therefore "is triggered, only after the insured becomes legally obligated to pay damages in the underlying action." **Id. (citations and internal quotations omitted)**. In contrast, the duty to defend "hinges on a liberal reading of the underlying complaint and thus can be determined on the pleadings." **Id. (citations and internal quotations omitted)**. Therefore, the **Winklevoss** court promptly ordered that the portion of the declaratory judgment action regarding the duty to indemnify be stayed until the

underlying tort action was decided, and thereafter considered the defendants' motion to dismiss "only with respect to the duty to defend portion of the litigation." **Id.**

Commencing its analysis, the district court examined the requirements of **Rule 19** joinder. **Id.** Under these **Rule 19(a)** requirements, the ***Winklevoss*** court found that the underlying tort claimant was *not* a necessary party to the plaintiff insureds' declaratory judgment action against the defendant insurer, "much less indispensable under **Rule 19(b)** . . . ." **Id.** Noting that although the Seventh Circuit had not yet addressed the issue, the district court cited to a number of other cases which hold that a plaintiff suing the insured (the "injured party") is not a necessary party to a declaratory judgment action that the insured brings to determine the insurer's duty to defend. **Id. at 418**.[5]

The district court then discussed ***Fathers*** and its rationale behind distinguishing itself from the earlier Illinois Supreme Court holding in ***M.F.A. Mutual Ins. Co. v. Cheek***, in which the *insurer* had sued the *insured* to determine its *coverage* obligations. **Id. (emphasis in original)**. The Illinois Supreme Court, in ***M.F.A.***, had determined that the underlying tort claimant was a necessary party to the declaratory judgment action because its interests in the viability of the insurance policy should not be defeated if the defendant insured chose not to appear,

---

[5] ***Winklevoss,*** citing in support, ***Fathers of the Order of Mount Carmel, Inc. v. National Ben Franklin Ins. Co.***, 697 F. Supp. 971, 973 (N.D. Ill.1988); ***Evangelical Lutheran Church v. Atlantic Mutual Ins. Co.***, 173 F.R.D. 507, 508-09 (N.D. Ill.1997); ***Americas Ins. Co. v. City of Chicago***, 1997 WL 51436, at *1- 2 (N.D. Ill. Feb. 3, 1997); ***Providence Hosp. v. Rollins Burdick Hunter of Ill., Inc.***, 1993 WL 278552 (N.D. Ill. July 20, 1993); ***Sliwa v. Hunt***, 1992 WL 346425, at *2 (N.D. Ill. Nov. 18, 1992).

resulting in a default judgment. ***Id.* (citing *M.F.A. Mutual Ins. Co.*, 66 Ill.2d at 494, 363 N.E.2d at 811, 6 Ill. Dec. at 864)**. Yet the ***Winklevoss*** court noted the distinguishing fact between ***Fathers*** and ***M.F.A.*** was that in ***Fathers***, it was the *insured* party who filed suit against the *insurer*. ***Id.*** Therefore, the district court believed that "the [plaintiff] insureds' act of bringing the action in favor of a duty to defend belied any risk that they would prejudice the injured parties by failing to appear, and, as such, adequately protected the injured parties' position." ***Id.***

Observing the finding in ***Fathers***, the ***Winklevoss*** court reached the same conclusion though its **Rule 19(a)** analysis of the facts of the declaratory judgment action. The district court determined that complete relief could be accorded without the underlying tort claimant as a party to the suit because all the plaintiff insureds sought was a declaration that the defendant insurer must defend them in the underlying action – as a purely legal analysis involving the language of the insurance policy and applicable law, the underlying tort claimant's absence would not hinder that type of analysis. ***Id.*** Secondly, the district court found that the underlying tort claimant had no "stake" in whether the plaintiff insureds were defended by lawyers supplied by the defendant insurer or its own retained attorneys. ***Id.* at 418-19 (citing *Flashner*, 189 Ill. App. 3d at 54, 545 N.E.2d at 183, 136 Ill. Dec. at 659)**.

Therefore, ***Winklevoss*** made it clear that it found the underlying tort claimant was not a necessary or indispensable party under the joinder requirements

of **Rule 19**, however, only with regard to the *duty to defend* portion of the plaintiff insureds' declaratory judgment action. *Id.* at 419. To the contrary, if the actions deal with more than just the duty to defend – coverage, for instance – *Winklevoss* indicates that the underlying tort claimant *would* be a necessary party as such actions "ha[ve] the potential to eliminate a source of funds for the injured claimant." *Id.* (**"[B]ecause all these actions[6] dealt with coverage (not just the duty to defend), they had the potential to eliminate a source of funds for the injured [underlying] claimant."**).

### 2. Whether Underlying Claimants Are Necessary Parties to a Declaratory Judgment Action Brought by an Additional Insured Against an Insurer

To summarize, the case law discussed within this opinion generally holds that underlying tort claimants are not necessary parties to a declaratory judgment action regarding an insurer's duty to defend when the action is filed by the *insured*. However, if the declaratory judgment action is filed instead by the *insurer* or involves a determination of insurance coverage or both, then the underlying claimant is considered a necessary party. Moreover, a claim regarding a duty to indemnify is generally not ripe until the underlying litigation is complete, so until

---

[6] *Winklevoss* citing the following cases: *See M.F.A. Mutual Ins. Co. v. Cheek*, 66 Ill.2d 492, 494-95, 6 Ill. Dec. 862, 863-64, 363 N.E.2d 809, 810-11; *Williams v. Madison County Mutual Auto. Ins. Co.*, 40 Ill.2d 404, 405-08, 240 N.E.2d 602, 603-04 (1968); *Allied American Ins. Co. v. Ayala*, 247 Ill. App. 3d 538, 540, 543, 186 Ill. Dec. 717, 721, 723, 616 N.E.2d 1349, 1353, 1355 (2d Dist. 1993); *American Home Assurance Co. v. Northwest Indus., Inc.*, 50 Ill. App. 3d 807, 808, 812, 8 Ill. Dec. 570, 572, 574-75, 365 N.E.2d 956, 958, 960-61 (1st Dist.1977).

that occurs, the indemnity portion of a declaratory judgment lawsuit is typically stayed or dismissed with leave to re-file. Lastly, determination of whether a party is necessary or indispensable to a suit removed to federal court follows federal law, even in a diversity case. *See Winklevoss*, **174 F.R.D. at 419 (citing *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993); *Sliwa v. Hunt*, 1992 WL 3469425 at \*1 (N.D. Ill. 1992))**.

The Court's analysis of whether McLeod, Brian and Svetlana Elkins are necessary parties must be determined pursuant to **Rule 19(a)**.

**Rule 19(a)** states that a party is necessary to a suit if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or
(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
   (i) as a practical matter impair or impede the person's ability to protect that interest or
   (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

### a. *Duty to Defend*

Determining the duty to defend "is a question resolved by comparing the allegations of the underlying complaint to the insurance policy." ***Connecticut Indem. Co. v. DER Travel Service, Inc.*, 328 F.3d 347, 349 (7th Cir. 2003)(citing *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 166 Ill.**

**2d 520, 531 655 N.E.2d 842, 847, 211 Ill. Dec. 459, 464 (1995))**. If the underlying complaint alleges facts within or potentially within policy coverage, the insurer is obligated to defend its insured, even if the allegations are groundless, false, or fraudulent. ***United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.,* 144 Ill. 2d 64, 578 N.E.2d 926, 930 (Ill. 1991)**. Furthermore, if the insurer relies on an exclusionary provision, it must be "clear and free from doubt" that the policy's exclusion prevents coverage. See ***Bituminous Cas. Corp. v. Fulkerson,* 212 Ill. App. 3d 556, 571 N.E.2d 256, 262 (Ill. App. Ct. 1991)**. The Court must liberally construe the underlying complaint and the insurance policy in favor of the insured. ***See United States Fidelity & Guaranty Co.,* 578 N.E.2d at 930**.

### i. Brian and Svetlana Elkins

It is clear from the Policy issued by Sentry to McLeod that Ga-Pac is specifically listed as an additional insured under an endorsement to the Policy (*see* Doc. 2-3, p. 8). Resolving Ga-Pac's duty to defend claim will only determine who is in charge of Ga-Pac's legal representation – this will not impede or impair the interests of Brian and Svetlana Elkins in their underlying suit. Additionally, complete relief regarding the duty to defend can be accorded in their absence.

Following the guidance provided by the available body of case law and analyzing the facts in accordance with **Rule 19**, because this declaratory judgment action was filed by an *insured* (albeit an "additional" insured), Brian and Svetlana Elkins, as the underlying claimants, are not necessary parties for the duty to defend

portion of this litigation as their interests will be adequately protected by Ga-Pac. The duty to defend claim is resolved by merely interpreting the Policy with the Underlying Action. Therefore, Brian and Svetlana Elkins will not detract the Court from reaching a just outcome in their absence – only their filed complaint is required, which is already part of the record in this matter.[7]

### ii. McLeod

Even though an argument could be made that McLeod, as the named insured on the Policy, is *not* a necessary party to the duty to defend portion of Ga-Pac's suit,[8] the Court believes the more appropriate view to be otherwise in this instance. This is not a subrogation action where the insurer is standing in the shoes of the named insured for purposes of filing suit against potential tortfeasors, thereby, at times, rendering the named insured an unnecessary party. Instead, an additional insured is bringing action against the insurer. Sentry has already agreed to defend McLeod in the Underlying Action but has denied a tender of defense from Ga-Pac.

Reviewing the Policy, the Court observes that the endorsement naming Ga-Pac as an additional insured extends its Policy coverage for "Bodily Injury and Property Damage Liability . . ." (Doc. 2-3, p. 8). As the Underlying Action deals with

---

[7] Because the Court does not find Brian and Svetlana Elkins to be necessary parties to Ga-Pac's duty to defend portion of the litigation in this case, it is unnecessary to determine whether they are considered indispensable parties under **Rule 19(b)** at this point.

[8] In fact, the Court notes that McLeod has filed a Motion to Dismiss, its argument being that because it believes it is not a necessary party and because Ga-Pac does not state a claim against it, it should be dismissed from this action. However, the Court cannot technically consider motions filed subsequent to the removal if it is determined that there is no jurisdiction and the case should be remanded.

liability for Brian Elkins's alleged personal injuries, the applicable coverage at issue is the Bodily Injury section of the Policy. Section II of the Policy is entitled "Liability Coverage" (Doc. 204, p. 11). Part of this section states that Sentry's "duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements" (*Id.*).

The Court feels that under a **Rule 19** analysis, McLeod is a necessary party concerning the duty to defend portion of this case. If the Court were to determine a duty to defend Ga-Pac exists under the Policy, it could eventually lead to a further finding of a duty to indemnify, which would have direct bearing on Sentry's coverage amount for McLeod under the Policy. Therefore, McLeod's interests would not be adequately represented by either Sentry or Ga-Pac if it were absent from this suit. Moreover, a judgment regarding Ga-Pac's duty to defend claim will make declaration concerning the scope and interpretation of the Policy – McLeod's Policy – which directly affects McLeod. As such, the Court believes it to be a necessary party under **Rule 19(a)**.[9]

b.   *Duty to Indemnify*

The duty to indemnify is another matter entirely. Whether Sentry has a duty to indemnify Ga-Pac as an additional insured under the Policy "is only ripe for consideration if [Ga-Pac] has already incurred liability in the [Underlying Action]

---

[9] Because McLeod was served and does not object to being served and made a party to this suit, an analysis of whether it can be considered an indispensable party under **Rule 19(b)** is unnecessary.

against it." ***Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 530 (7th Cir. 2005)(citing *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 127, 67 N.E.2d 1204, 1221, 180 Ill. Dec. 691, 708 (1992))**. A duty to indemnify only arises "if the insured's activity and the resulting loss or damage *actually* fall within the [Policy's] coverage." ***Outboard Marine Corp.*, 154 Ill.2d at 128, 67 N.E.2d at 1221, 180 Ill. Dec. at 708 (emphasis in original)(internal citations omitted)**. Therefore, the duty to indemnify is narrower in scope than a duty to defend. ***Id.* (internal citations omitted)**.

### i.   Brian and Svetlana Elkins

Applicable case law, as previously illustrated, finds that when dealing with an issue of insurance coverage, the underlying claimants are necessary parties, whether the declaratory judgment action is filed by the insured or insurer. Therefore, when Ga-Pac's duty to indemnify claim becomes ripe, Brian and Svetlana Elkins as the underlying claimants will be considered necessary parties.[10]

### ii.   McLeod

Similarly with the named insured under the Policy, when Ga-Pac's duty to indemnify claim becomes ripe, it will be in McLeod's best interest to be a present party to the action. It appears that McLeod's Policy does not allot a separate coverage limitation for additional insureds, such as Ga-Pac. Therefore, any

---

[10] The Record does not indicate whether Brian and Svetlana Elkins have been served in this action. However, because Ga-Pac's duty to indemnify claim is not yet ripe, there is no need to currently determine whether Brian and Svetlana Elkins are indispensable parties under **Rule 19(b)**.

coverage/indemnification funds determined to be owed by Sentry to Ga-Pac will directly affect the amount of coverage/indemnification for McLeod, if it is found partially liable in the Underlying Action. McLeod's own separate and distinct interest regarding coverage under the Policy renders it a necessary party to the duty to indemnify portion of Ga-Pac's declaratory judgment action.

### c. Whether Removal Was Proper

Even if the Court were to stay Ga-Pac's duty to indemnify claim until the Underlying Action is complete, or to dismiss it with leave to later re-file, the fact remains that the Court finds McLeod is a necessary party to the duty to defend portion of this suit. Because McLeod can be considered an Illinois citizen, as its principal place of business is in Illinois, the Court finds this case is not removable under **28 U.S.C. § 1441(b)**, even though Sentry did properly obtain McLeod's consent to the removal. ***See, e.g., Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)**. The Court also observes that once Ga-Pac's duty to indemnify portion of the litigation were ripe for determination, McLeod and Brian and Svetlana Elkins would *all* be considered necessary parties, which would further support a finding that this case was not removable under **28 U.S.C. § 1441(b)**. Therefore, the case must be remanded pursuant to **28 U.S.C. § 1447(c)**.

### III.  CONCLUSION

For the reasoning as stated within this Order, plaintiff Ga-Pac's Motion to Remand (Doc. 10) is **GRANTED**.  This case is hereby **REMANDED** back to the Circuit Court for the Third Judicial Circuit of Madison County, Illinois, with each party is to bear its own costs.

**IT IS SO ORDERED.**

Signed this 26th day of May, 2006.

/s/       David  RHerndon
**United States District Judge**